United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH R. KINNARD,

    Plaintiff,

v.

ROGERS TRUCKING, et al.,

    Defendants
                               /

No. C-99-4565 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

(Docket No. 365)

      Before the Court is plaintiff Kenneth Kinnard's ("Kinnard") motion, filed June 26, 2006, for permission to file a motion for reconsideration of the Court's June 12, 2006 order denying Kinnard's motion to set aside judgment.

      The essence of Kinnard's argument for setting aside the judgment is that he was too ill to file an opposition sufficient to defeat defendant Rogers Trucking's motion for summary judgment.[1] In denying the motion to set aside judgment, the Court relied on the Ninth Circuit's holding that "[t]he district court did not abuse its discretion when it denied Kinnard's request for a continuance for medical reasons because Kinnard did not submit admissible evidence showing why a continuance was necessary." See Order Denying Plaintiff's Motion to Set Aside Judgment, filed June 12, 2006, at 1 (citing Kinnard v. Rogers

---

[1] The Court granted Kinnard one extension of the deadline to file his opposition to the motion for summary judgment, (see Docket No. 336), and denied his second request for an extension without prejudice to his filing a further request supported by admissible evidence as to why an extension was necessary, (see Docket No. 347).

1  Trucking, 2006 WL 1009282 at *1 (9th Cir. 2006)).  Kinnard now seeks to file a motion for
2  reconsideration, arguing he has evidence concerning his health that was not considered by
3  the Ninth Circuit.
4       Assuming, arguendo, the evidence Kinnard now submits to this Court was not
5  considered by the Ninth Circuit, Kinnard has not demonstrated the judgment should be set
6  aside.  During the period of time in which Kinnard states he was too ill to file adequate
7  papers, he nonetheless was able to file (1) a motion to compel and for sanctions against
8  defendant Peak Engineering (filed May 27, 2005); (2) a second motion to compel and for
9  sanctions against defendant Rogers Trucking (filed May 27, 2005); (3) a lengthy response
10 to defendants' status report (filed May 31, 2005); (4) an opposition to the motion for
11 summary judgment (filed June 1, 2005); and (5) a request to continue the hearing on the
12 motion for summary judgment (filed June 3, 2005). (See Docket Nos. 339-343, 345-346.)
13 Despite any illness, Kinnard remained capable of filing documents when he chose to do so.
14      Moreover, Kinnard has not demonstrated he has sufficient evidence to successfully
15 oppose the motion for summary judgment.  The declarations attached to Kinnard's motion
16 to set aside the judgment fail to raise a triable issue of material fact as to whether Rogers
17 Trucking denied Kinnard work on the BART Extension Project because of his race, in
18 violation of 42 U.S.C. § 1981 and § 17200 of the California Business and Professions
19 Code.
20      Accordingly, Kinnard's motion for leave to file a motion for reconsideration is hereby
21 DENIED.
22      This order terminates Docket No. 365.
23 **IT IS SO ORDERED.**
24 Dated: June 28, 2006     MAXINE M. CHESNEY
     United States District Judge